# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PITTS, | Case No. 1:26-cv-04650-BAM (PC) |
| Plaintiff, | ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM |
| v. | (ECF No. 1) |
| D. JACKSON, | |
| Defendant. | |

Plaintiff Spencer Pitts ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on June 17, 2026, is currently before the Court for screening. (ECF No. 1.)

## I.   Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility ("STAF") where the events in the complaint are alleged to have occurred.  Plaintiff names D. Jackson, Jr. as the sole defendant.

Plaintiff alleges excessive force in violation of the Eighth Amendment.  Plaintiff alleges as follows:

> "On December 7th at 9:37 am I told Officer D. Jackosn that I was made aware my life was in danger so he took me in handcuffs to the program office while there I told him everything I knew about the threat they [unintelligible] to give them information on the weapons or names on the yard and since I didn't give them any they said I was going back and I said no I am in danger and while my hands were behind my back cuffed [unintelligible] Jackson slammed me into a book shelf and threw me to the ground unprovoked."

Plaintiff alleges that he has a scar on his right shoulder and right leg, a bump on the back of his head and his front tooth was knocked loose, which he ended up needing pulled.  Plaintiff seeks monetary compensation.

**III.    Discussion**

**Eighth Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant D. Jackson, Jr.

**IV.    Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant D. Jackson, Jr. for excessive force in violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's complaint, filed on June 17, 2026 against Defendant D. Jackson, Jr. , for excessive force in violation of the Eighth Amendment.

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   __July 8, 2026__                              /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE